**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ANDRES GARCIA URANGA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 20-0521 (ABJ) |
| U.S. CITIZENSHIP & IMMIGRATION SERVICES, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

Plaintiff filed this lawsuit against the United States Citizenship and Immigration Services ("USCIS") and other defendants on February 21, 2020. Complaint [Dkt. # 1] ("Compl."). The lawsuit arose out of plaintiff's application for a "U-visa," which has been pending since June 23, 2016. Amended Complaint [Dkt. # 6] ("Am. Compl.") ¶ 15.

The U-visa program was created as part of the Victims of Trafficking and Violence Protection Act of 2000, H.R. 3244, 106th Cong. § 1513(a)(2) (2000). A person qualifies for a "U-visa" if that person: (1) "has suffered substantial physical or mental abuse as a result of having been a victim of criminal activity"; (2) "possesses information concerning criminal activity"; (3) "has been helpful, is being helpful, or is likely to be helpful" to government officials regarding criminal activity; and (4) the criminal activity at issue "violated the laws of the United States or occurred in the United States." 8 U.S.C. § 1101(a)(15)(U)(i)(I)–(IV). If USCIS approves the petition, the petitioner will receive lawful nonimmigrant status and employment authorization for up to four years. *See* 8 U.S.C. § 1184(p)(6); 8 U.S.C. § 1184(p)(3)(B); 8 C.F.R. § 274a.12(a)(19).

Plaintiff applied for both the visa and the employment authorization documents at the same time, and he also applied to be placed on the U-visa waitlist under 8 C.F.R. § 214.14(d)(2). Am. Compl. ¶¶ 39–40, 48–49.

Plaintiff's situation is complicated by the fact that he returned to this country illegally a long time ago, and there is an outstanding order to deport him. *See* Memorandum Opinion [Dkt. # 23] ("Mem. Op.") at 6–7. But if USCIS were to determine that he is eligible for a U-visa and place him on the waiting list, he and his qualifying family members would receive "deferred action" if they are in the United States. 8 C.F.R. § 214.14(d)(2). Deferred action is "an act of administrative convenience to the government which gives some cases lower priority" for removal. 8 C.F.R. § 274a.12(c)(14). The initial complaint sought declaratory, mandamus, and injunctive relief that would compel defendants to "determine plaintiff's eligibility for placement on the U-visa waitlist," adjudicate his request for employment authorization documents, and issue him interim work authorization documents. Compl. at 21.

On March 10, 2020, plaintiff filed an amended complaint and a motion for preliminary injunction seeking an order "enjoining the Defendants . . . from removing Mr. Garcia from the United States until such time that his applications for a U nonimmigrant visa is fully and fairly adjudicated." Plaintiff's Motion for Preliminary Injunction ("PI Mot.") [Dkt. # 7] at 1. On May 11, 2020, defendants filed a motion to dismiss the case on jurisdictional and other grounds, *see* Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Dkt. # 16] ("First MTD"), and with the parties' consent, the Court took up the jurisdictional issues first and consolidated the motion for preliminary injunction with the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). Min. Order (May 8, 2020).

The Court declined to dismiss the case as a whole for lack of subject matter jurisdiction, but its ruling granting the motion in part and denying it in part narrowed the case substantially, *see* Mem. Op. at 35, and it ordered the parties to address the effect of its order on plaintiff's request for relief in the preliminary injunction. Order [Dkt. # 22] at 1.

The parties have addressed the issue, *see* Plaintiff's Statement Regarding Remaining Injunctive Relief [Dkt. # 24] ("Pl. Statement"); Defendants' Statement [Dkt. # 25] ("Def. Statement"),[1] and in light of other developments, the defendants have moved to dismiss what is left of the case as moot. *See* Memorandum of Law in Support of Defendants' Response and Motion to Dismiss [Dkt. # 26-1] ("Second MTD"); *see also* Plaintiff's Combined Supplemental Brief in Response to the Court's October 22, 2020 Minute Orders and Defendants' Motion to Dismiss [Dkt. # 28] ("MTD Opp."). The Court will deny the motion for preliminary injunction; plaintiff has not established that this Court has jurisdiction to order the requested relief, and he has failed to make the showing required under Federal Rule of Civil Procedure 65. Furthermore, the Court will grant defendants' motion to dismiss, as the remaining claims in the case are now moot.

## BACKGROUND

In its ruling on defendants' first motion to dismiss, the Court detailed plaintiff's immigration history and the regulatory regime that applies to U-visas. *See* Mem. Op. at 3–8. That information will not be repeated here unless it bears on the pending motion.

The amended complaint contained seven claims:

- Plaintiff's First Cause of Action was brought under the Administrative Procedure Act ("APA"). Am. Compl. ¶¶ 8, 46–50. It alleged that the government had unreasonably delayed making a decision under 8 C.F.R. § 214.14(d)(2) on whether plaintiff was eligible to be placed on the U-visa waitlist—which is distinct from the

---

1   The actual document filed with defendants' response is untitled.

decision on whether he is entitled to the visa itself. *Id*. ¶ 48. Plaintiff asked the court to hold that the delay in addressing the waitlist question had been unreasonable under the APA, and plaintiff's Fifth Cause of Action sought a writ of mandamus ordering the government to make the decision with respect to the U-visa waitlist. *Id.* ¶¶ 64–70.

- The Second Cause of Action asked the Court to address the government's failure to adjudicate plaintiff's request for the employment authorization documents ("EAD") that would have enabled him to work while his U-visa application was pending. Am. Compl. ¶¶ 51–54. The Sixth Cause of Action was the parallel request for a writ of mandamus ordering the government to adjudicate the EAD request. *Id.* ¶¶ 71–76.

- The Third Cause of Action challenged the government's failure to issue *interim* work authorization documents—documents that would permit plaintiff to work while the EAD request was pending. Am. Compl. ¶¶ 55–59. Plaintiff argued that there was a 2011 regulation in place at the time he submitted his U-visa and EAD requests that required the issuance of interim work authorization documents within 90 days if the EAD request had yet not been adjudicated. The Seventh Cause of Action is the parallel request for a writ of mandamus with respect to the interim work documents. *Id.* ¶¶ 77–82.

- The Fourth Cause of Action complained that the regulation that superseded the 2011 regulation and eliminated the 90-day requirement was invalid because the agency allegedly failed to comply with APA notice and comment procedures when it was promulgated. Am. Compl. ¶¶ 60–63.

It is important to note that there is no claim in the amended complaint with respect to the pendency of the application for the U-visa itself.

On May 11, 2020, defendants moved to dismiss for lack of subject matter jurisdiction based on the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("the IIRIRA"), 8 U.S.C § 1252(g) and 8 U.S.C. § 1252(a)(5). First MTD at 13–19. They argued that plaintiff's claims "collaterally challeng[e] the deportation proceedings currently pending against him," *id.* at 14, and that the IIRIRA divests district courts of jurisdiction to stay or enjoin a non-citizen's

removal. *Id.* They also challenged the sufficiency of several claims under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 26–31.

In a Memorandum Opinion issued on September 28, 2020, the Court found that it had jurisdiction to hear the case because the claims in the amended complaint were not aimed at an action or decision to remove the plaintiff.[2] Mem. Op. at 2. With respect to the First and Fifth Causes of Action, though, the Court found that it was constrained by Circuit precedent to conclude that plaintiff had failed to state a claim for unreasonable delay, and the two claims related to the U-visa waitlist were dismissed under Federal Rule of Civil Procedure 12(b)(6) for that reason. *Id*. at 20–27.

The Court also found that it did not have jurisdiction to review the agency's issuance of EAD, because such a decision is entirely discretionary, and dismissed the Second and Sixth Causes of Action under Federal Rule of Civil Procedure 12(b)(1). Mem. Op. at 13–19. It also determined that plaintiff failed to state an APA claim in his Fourth Cause of Action related to the 2016 revision of 8 C.F.R. § 274a.13(d), the regulation related to interim work authorization; the record showed that in fact, the agency had engaged in the notice and comment process. Mem. Op. at 33–34.

Given those determinations, the only claims that survived were the Third and Seventh Causes of Action, which assert that the agency was required to issue plaintiff interim work authorization documents under the version of 8 C.F.R. § 274a.13(d) that was in effect when he

---

2   *See* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action . . . to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."). For the same reason, the Court found that section 1252(a)(5) did not apply to the complaint; the statute states that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal," 8 U.S.C. § 1252(a)(5), but the amended complaint did not seek review of an order of removal. Mem. Op. at 11–12.

applied for them. The Court found that the 2011 regulation did apply to plaintiff's case, and that since it set a specific deadline for when the interim work authorization documents should have been issued, the Third Cause of Action stated a claim that agency action had been unlawfully withheld. Mem. Op. at 28–33.

Since the majority of plaintiff's claims had been dismissed, the Court ordered the parties to address the impact of its ruling on the still pending motion for preliminary injunctive relief. Order at 1. Plaintiff argued that, in light of the Memorandum Opinion, the Court could still order the government to comply with the 2011 regulation and issue him interim work authorization documents. *See* Pl. Statement at 2. But plaintiff did not specify whether that action would have any effect on his pending removal, which is the sole subject of the motion for injunctive relief. He took the position that the Court could enjoin the government from deporting him while he awaits the decision on the U-visa waitlist, but he did not explain what the legal underpinning for such an order might be. *Id.* at 3. He also informed the Court that he has now been charged with the crime of re-entry into the United States without permission, but the district court handling the matter has released him on conditions pending trial. *Id.* at 1.

In its response to the September 28, 2020 order, the government argued that district courts lack jurisdiction to review or stay a removal order under 8 U.S.C. §§ 1252(g), 1252(a)(5), and 1252(b)(9), and that such a challenge can only be brought in the Court of Appeals. Def. Statement at 2–5. It also cited cases in which courts found that they lacked jurisdiction even when a U-visa application was pending. *Id.* at 2–4. The Court afforded plaintiff the opportunity to address that argument in a minute order issued on October 22, 2020, and it also issued another minute order directing both parties to address what impact, if any, an injunction ordering the government to

applied for them. The Court found that the 2011 regulation did apply to plaintiff's case, and that since it set a specific deadline for when the interim work authorization documents should have been issued, the Third Cause of Action stated a claim that agency action had been unlawfully withheld. Mem. Op. at 28–33.

Since the majority of plaintiff's claims had been dismissed, the Court ordered the parties to address the impact of its ruling on the still pending motion for preliminary injunctive relief. Order at 1. Plaintiff argued that, in light of the Memorandum Opinion, the Court could still order the government to comply with the 2011 regulation and issue him interim work authorization documents. *See* Pl. Statement at 2. But plaintiff did not specify whether that action would have any effect on his pending removal, which is the sole subject of the motion for injunctive relief. He took the position that the Court could enjoin the government from deporting him while he awaits the decision on the U-visa waitlist, but he did not explain what the legal underpinning for such an order might be. *Id.* at 3. He also informed the Court that he has now been charged with the crime of re-entry into the United States without permission, but the district court handling the matter has released him on conditions pending trial. *Id.* at 1.

In its response to the September 28, 2020 order, the government argued that district courts lack jurisdiction to review or stay a removal order under 8 U.S.C. §§ 1252(g), 1252(a)(5), and 1252(b)(9), and that such a challenge can only be brought in the Court of Appeals. Def. Statement at 2–5. It also cited cases in which courts found that they lacked jurisdiction even when a U-visa application was pending. *Id.* at 2–4. The Court afforded plaintiff the opportunity to address that argument in a minute order issued on October 22, 2020, and it also issued another minute order directing both parties to address what impact, if any, an injunction ordering the government to

issue interim work authorization documents in accordance with the 2011 version of 8 C.F.R. § 274a.13(d) would have on plaintiff's removal.

The government combined its response with a renewed motion to dismiss. In addition to making jurisdictional arguments, defendants reported that plaintiff had recently been issued employment authorization documents and submitted that the remaining claims concerning interim authorization were therefore moot. Second MTD at 7–9. Plaintiff opposes the motion. *See* MTD Opp. He notes that section 1252 does not bar *all* suits against immigration officials and argues that the jurisdictional restrictions are not applicable to his particular claims. *Id.* at 2–5. He also submits that defendants' violation of 8 C.F.R. § 274a.13(d) has not been cured by the fact that he obtained authority to work through other means, and therefore his remaining claims are not moot. *Id.* at 10–13.

## STANDARD OF REVIEW

### Subject matter jurisdiction

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). "Federal courts are courts of limited jurisdiction[,]" and the law presumes "that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction

upon a federal court.'" *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## Preliminary Injunctions

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as [a matter] of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citations omitted). A party seeking a preliminary injunction must establish the following: 1) it "is likely to succeed on the merits"; 2) it is "likely to suffer irreparable harm in the absence of preliminary relief"; 3) "the balance of equities tips in [its] favor"; and 4) an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The manner in which courts should weigh the four factors "remains an open question" in this Circuit. *Aamer v. Obama*, 742 F.3d 1023, 1043 (D.C. Cir. 2014). The Court of Appeals has long adhered to the "sliding-scale" approach, where "a strong showing on one factor could make up for a weaker showing on another." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011) (citations omitted). But because the Supreme Court's decision in *Winter* "seemed to treat the four factors as independent requirements," *Sherley*, 644 F.3d at 393, the Court of Appeals has more

8

recently "read *Winter* at least to suggest if not to hold 'that a likelihood of success is an independent, free-standing requirement for a preliminary injunction.'" *Id.* at 393, quoting *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1296 (D.C. Cir. 2009) (Kavanaugh, J., concurring). Although the D.C. Circuit has not yet announced "whether the 'sliding scale' approach remains valid after *Winter*," *League of Women Voters v. Newby*, 838 F.3d 1, 7 (D.C. Cir. 2016), the Court of Appeals has ruled that a failure to show a likelihood of success on the merits is sufficient to defeat a motion for a preliminary injunction. *See Ark. Dairy Coop Ass'n, Inc. v. U.S. Dep't of Agric.*, 573 F.3d 815, 832 (D.C. Cir. 2009); *Apotex, Inc. v. FDA*, 449 F.3d 1249, 1253–54 (D.C. Cir. 2006). As another court in this district has observed, "'[i]t is particularly important for the movant to demonstrate a substantial likelihood of success on the merits,' because 'absent a substantial indication of likely success on the merits, there would be no justification for the Court's intrusion into the ordinary processes of administration and judicial review.'" *Navistar, Inc. v. EPA*, No. 11-cv-449, 2011 WL 3743732, at *3 (D.D.C. Aug. 25, 2011), quoting *Hubbard v. United States*, 496 F. Supp. 2d 194, 198 (D.D.C. 2007) (brackets omitted).

Regardless of whether the sliding scale framework applies, it remains the law in this Circuit that a movant must demonstrate irreparable harm, which has "always" been "the basis of injunctive relief in the federal courts." *Sampson v. Murray*, 415 U.S. 61, 88 (1974), quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–07 (1959) (internal edits omitted). A failure to show irreparable harm is grounds for the Court to refuse to issue a preliminary injunction, "even if the other three factors entering the calculus merit such relief." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006); *see also GEO Specialty Chems., Inc. v. Husisian*, 923 F. Supp. 2d 143, 147 (D.D.C. 2013) ("[A] court may refuse to issue an injunction without considering any other factors when irreparable harm is not demonstrated."). To show irreparable

9

harm, a plaintiff must demonstrate that the harm has occurred in the past and is likely to occur again, or that the harm is certain to occur in the near future. *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985). Plaintiff must also show "the alleged harm will directly result from the action that [plaintiff] seeks to enjoin." *Id.* The harm "must be both certain and great" and "actual and not theoretical." *Id.*

## ANALYSIS

**I.     The Court lacks jurisdiction to grant the requested relief.**

**A. The Court lacks authority to stay plaintiff's removal.**

The IIRIRA provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the [Secretary of Homeland Security] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C § 1252(g). Pursuant to 8 U.S.C. § 1252(a)(5), there is only one means to challenge an order of removal: a petition filed with the appropriate court of appeals. And even if the final order is not yet in place, the statute further explains that judicial review "arising from any action taken or proceeding brought to remove an alien from the United States under this [subchapter] shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Since the relief sought in the motion for preliminary injunction falls squarely within these provisions, the Court lacks jurisdiction to grant it.

Plaintiff seeks to avoid this result by arguing that his lawsuit does not challenge, and is not intrinsically related to, a removal order. Plaintiff wrote in in response to the Court's October 22 Minute Orders and in opposition to the motion to dismiss:

> Plaintiff's preliminary injunction, in part, seeks to defer his removal pending a decision *on his U visa waitlist eligibility*. Defendants contend that "the adjudication of Plaintiff's petition for U visa nonimmigrant status will proceed even if Plaintiff is removed, and its approval does not depend on whether he is physically present in the United States." . . . Defendants have conflated the U visa *waitlist* with the U *visa itself*. This becomes important because while the grant of U visa status, itself, creates an ability to dissolve the removal order, placement on the waitlist alone does not. *Compare* 8 C.F.R. § 214.14(c)(5)(i) *with* § 214.14(d)(2). Thus, while approval of the visa status might be intrinsically linked to the removal order, placement on the waitlist would not.

MTD Opp. at 5 (emphasis added). Plaintiff goes on:

> Plaintiff knows that he is subject to a removal order and may ultimately have to depart the United States. However, the matters before this court are not intrinsically linked to the removal order and instead seek relief which will be extinguished unless the Court maintains the status quo until a determination is made with respect to Plaintiff's waitlist eligibility. Once complete, the regulations require that Plaintiff be granted a parole; an act which in no way alters or impedes his removal.

*Id.* at 8 (footnote omitted).

In other words, plaintiff is hanging his hat, for jurisdictional purposes, on his claim related to the U-visa *waitlist*. Putting aside the fact that the preliminary injunction motion does not actually ask to defer his removal until the waitlist issue is resolved, but it is tied to the issuance of the visa itself instead, *see, e.g.*, PI Mot. at 1, and putting aside the question of whether a lawsuit seeking to obtain the "deferred action" conferred by the waitlist could also be characterized as intrinsically related to plaintiff's deportation because it will at least defer it, plaintiff has a bigger problem: if he is relying on the claim concerning his application to be on the waitlist as the basis for the Court's power to hear the motion for a preliminary injunction, the Court already dismissed that claim on the merits. The only matters *before the court* are plaintiff's claims related to interim work documents: Claims Three and Seven.

11

In its Order granting the motion to dismiss in part, the Court gave plaintiff an opportunity to address the impact of the ruling on the pending request for injunctive relief. Order at 1. Plaintiff's first argument—that "the Court can and should keep in place its injunction allowing Mr. Garcia to remain in the U.S. . . . until a determination has been made with respect to his eligibility for the U visa waitlist"—essentially asks the Court to revisit a claim that has already been dismissed. Pl. Statement at 3. There is no legal basis to do so.[3] Plaintiff also argued that "the Court can order that the agency comply with 8 C.F.R. § 274a.13(d) and issue an interim work authorization." *Id.* at 2. That may be true, but plaintiff did not explain how a claim for interim work authorization forms would justify a preliminary injunction addressing plaintiff's potential *removal*. This is a crucial gap when the proposed order did nothing more than prohibit plaintiff's removal pending further order of the court. *See* PI Mot. at 18.

Thus, while the Court previously found that the government could not fairly characterize the claims in the amended complaint as "arising from" an action to commence, adjudicate, or execute a removal order, Mem. Op. at 12, the same cannot be said for the motion for preliminary injunction. Plaintiff has moved "for a Preliminary Injunction enjoining the [d]efendants . . . from

---

3   The original motion was tied to the U-visa application itself, but that does not change the jurisdictional analysis; no claims relating to the U-visa *or* the waitlist are currently pending before the Court. Moreover, even a pending claim with respect to the visa would not necessarily bequeath jurisdiction. *See, e.g.*, *Velarde-Flores v. Whitaker*, 750 F. App'x 606, 607 (9th Cir. 2019) ("The decision whether to remove aliens subject to valid removal orders who have applied for U-visas is entirely within the Attorney General's discretion," thus petitions to halt "the government's decision to execute valid orders of removal . . . facially fall[] within the statutory jurisdictional bar."); *see also Balogun v. Sessions*, 330 F. Supp. 3d 1211, 1215 (C.D. Cal. 2018) ("courts have had no difficulty concluding that denials of stays of removal—even with pending U-visa applications—are unreviewable under section 1252(g)"), citing *Alegria-Zamora v. U.S. Dep't of Homeland Sec.*, Case No. 18-2102-DDC-GLR, 2018 WL 1138280, at *2 (D. Kan. Mar. 2, 2018) and *Mingrone v. Adducci*, Case No. 2:17-cv-11685, 2017 WL 4909591, at *3–6 (E.D. Mich. July 5, 2017).

removing Mr. Garcia from the United States until such time that his applications for a U nonimmigrant visa [are] fully and fairly adjudicated." PI Mot. at 1. This request is untethered to any remaining claim for relief, and the Court lacks jurisdiction to respond to plaintiff's request to intervene in the removal process.[4]

### B. Plaintiff's request for preliminary injunction to stay removal also fails on the merits.

Even if it found jurisdiction to take up the motion, the Court still could not issue the proposed order. Plaintiff has offered reasons why it might be fair to permit him to await the outcome of the unnecessarily protracted U-visa process in the United States; for example, he points out that he could be successful in getting placed on the waitlist someday, but then be unable to persuade ICE to grant him permission to return. But the Court cannot simply intercede on a litigant's behalf for good cause shown. In order to grant the extraordinary relief of an injunction freezing the status quo pending the resolution of a claim on the merits, the court must find that the plaintiff has a substantial likelihood of success on the merits on that claim. *See Ark. Dairy*, 573

---

4    Plaintiff cites several cases in support of his position, but those cases arose in the context of petitions for habeas relief and do not bear upon the situation presented here. For example, plaintiff relies heavily on *S.N.C. v. Sessions*, No. 18-cv-7680, 2018 WL 6175902 (S.D.N.Y. Nov. 26, 2018). But the court in that case was careful to explain the significance of the habeas context and the constitutional questions it presented. *Id.* at *3 ("Because construing § 1252 to deprive this Court of jurisdiction over Petitioner's claims would raise serious Suspension Clause concerns . . . § 1252 must be construed to avoid such constitutional concerns."). Further, that case involved a "challenge [to] ICE's legal authority over a removal order, rather than its discretionary decisions regarding removal orders." *Id.* at *5. The same cannot be said for a request in which petitioner actually *acknowledges* the agency's legal authority to remove him, MTD Opp. at 8, but nonetheless asks the Court to order the agency to stand down. Plaintiff also claims that "various courts have also recognized the authority of the Court to enjoin removal in the provisional waiver context." *Id.* at 4. But plaintiff's two remaining claims are not akin to the provisional waiver context discussed in those cases. *Cf. Calderon v. Sessions*, 330 F. Supp. 3d 944, 955 (S.D.N.Y. 2018) (habeas case in which plaintiff claimed the agency's actions contravened a "right to apply for [a] provisional [unlawful presence] waiver").

F.3d at 832 (a failure to show a likelihood of success on the merits is sufficient to defeat a motion for a preliminary injunction).

In his motion for the preliminary injunction, plaintiff contended that he was entitled to timely adjudication of his request to be added to the U-visa waitlist and of his application for EAD. PI Mot. at 14. But since then, as previously emphasized, the Court has dismissed those claims. As a result, the motion for an order barring plaintiff's removal does not marry up very well with the narrow claims that remain, even if there is jurisdiction and they are not moot (as discussed below). While the Court's Memorandum Opinion, as plaintiff noted, could support the issuance of an injunction ordering the government to issue interim work authorization in accordance with the 2011 version of 8 C.F.R. § 274a.13(d), such an order would not necessarily forestall plaintiff's removal, and plaintiff has not identified anything left in the case that could provide the foundation for the relief he seeks.[5] As a result, the Court must agree with defendants that, because a "grant of employment authorization does not, without more, confer status," Second MTD at 6, citing *Guevara v. Holder*, 649 F.3d 1086, 1091 (9th Cir. 2011), there is no likelihood of success justifying a preliminary injunction forestalling removal.

## II.   Plaintiff's claim for interim work documents is moot.

The parties agree that defendants issued work documents to plaintiff. Second MTD at 7; MTD Opp. at 12. The parties disagree over whether these work documents make plaintiff's two surviving claims moot. Plaintiff argues that the work authorization forms were granted through an unrelated process, and that the specific relief he seeks is compliance with defendants'

---

5   The Court notes that plaintiff did not even attempt to argue that this Court could to anything to forestall or countermand a removal order issued as part of the sentence in the pending criminal case.

"regulatory obligations under 8 C.F.R. § 274a.13(d) (2011)." MTD Opp. at 10. Defendants argue that "interim relief or events have completely and irrevocably eradicated the effects of the alleged violations." Second MTD at 9, citing *Pharmachemie v. Barr Labs, Inc.*, 276 F.3d 627, 631 (D.C. Cir. 2002).

Plaintiff's formalistic objections obscure the simple fact that he has received the relief that he asked for. "A case becomes moot only when it is impossible for a court to grant any *effectual relief* whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted) (emphasis added). While plaintiff seeks an order declaring that "[d]efendants [are] required to comply with the plain language of 8 C.F.R. § 274a.13(d) (2011)," MTD Opp. at 11, the Court has no authority to issue proclamations absent a live case or controversy. To avoid the conclusion that the matter is moot, plaintiff must identify either: (1) specific facts indicating that the violation could recur, or (2) relief that plaintiff has asked for that has not been satisfied by the issuance of work authorization. *Cf. Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C. Cir. 1992) ("An intervening event renders a case moot if: (1) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation; and (2) there is no reasonable expectation that the alleged violation will recur."). Plaintiff does not specify how this case could fall under "the capable of repetition yet evading review exception," *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 321 (D.C. Cir. 2009), nor does he specify how his desire for interim work authorization documents has not been satisfied by receiving work authorization that goes above and beyond what the Court could order under the 2011 regulation.[6] If "the court can provide no

---

6   Plaintiff now has interim work authorization documents that are good for 365 days, rather than 240 days. Second MTD at 2, 4, citing Ex. A to Second MTD [Dkt. # 27-1].

15

effective remedy because a party has already obtained all the relief that it has sought," the case is moot. *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (internal quotation marks and brackets omitted), quoting *Monzillo v. Biller,* 735 F.2d 1456, 1459 (D.C. Cir. 1984).

## CONCLUSION

For the aforementioned reasons, the motion for preliminary injunction will be **DENIED**, and defendants' second motion to dismiss will be **GRANTED** as to Claims Three and Seven. A separate order will issue.

*/s/ Amy B Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE: December 8, 2020